## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,

Plaintiff,

v.                                                    Civ. No. 1:15-cv-00863-KG-GJF

ALLSUP'S CONVENIENCE STORES, INC.,

Defendant.

---

## CONSENT DECREE

---

## I. RECITALS

**1.**      This matter was instituted by Plaintiff Equal Employment Opportunity Commission ("Commission," "Plaintiff," or the "EEOC"), an agency of the United States government, alleging that Defendant Allsup's Convenience Stores, Inc. ("Allsup's" or "Defendant") violated Title I of the Americans with Disabilities Act of 1990 ("ADA") and Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended by the Pregnancy Discrimination Act of 1978 ("PDA"), by discriminating against Yolanda Chavez, Joy Pointer, and similarly aggrieved women ("Aggrieved Individuals") because of their disabilities and/or because of sex or pregnancy. The alleged unlawful employment practices include discriminatory discharge of pregnant women from their employment because of pregnancy, a disability, or because of the need for accommodation; failure to accommodate under the ADA; and discrimination in the terms, conditions, and privileges of the women's employment.

2.      The Parties to this Decree are the EEOC and Allsup's.

3.      The Parties, desiring to settle this action by an appropriate Consent Decree ("Decree") agree to the jurisdiction of this Court over the Parties and the subject matter of this action. The Parties also agree to the power of this Court to enter a Consent Decree enforceable against Defendant.

4.      As to the issues resolved, this Decree is final and binding upon the Parties and their successors and assigns.

5.      For the purpose of amicably resolving disputed claims, the Parties jointly request this Court to adjudge as follows:

**IT IS ORDERED, ADJUDGED, AND DECREED AS FOLLOWS:**

## II.  JURISDICTION

6.      The Parties stipulate to the jurisdiction of the Court over the Parties and subject matter of this action and have waived the entry of findings of fact and conclusions of law.

## III.  TERM AND SCOPE

7.      **Term.** The duration of this Decree shall be three (3) years from the date of signing by the Court.

8.      **Scope.** The terms of this Decree shall apply to all Allsup's business operations in New Mexico and Texas, including the 317 Allsup's convenience stores now operating in New Mexico and Texas and any Allsup's convenience stores that open in New Mexico or Texas during the duration of this Decree.

9.      This case and the Decree are limited to claims of pregnancy discrimination and disability

discrimination related to pregnancy. Any injunctive relief granted herein shall be for the duration

of the Decree.

### IV.  ISSUES RESOLVED

10.     This Decree resolves the claims alleged in the above-captioned lawsuit, and constitutes a

complete resolution of all of the EEOC's claims of unlawful employment practices under the

ADA, Title VII, and the PDA arising from Charge of Discrimination Numbers 543-2014-00094C

and 543-2012-01343C, filed respectively by Yolanda Chavez and Joy Pointer (collectively, the

"Charging Parties"), and Charge 39B-2015-02175 filed by Isabel Medina, an Aggrieved

Individual.

11.     This Decree is not an admission by Defendant of any violation of Title VII, the

Pregnancy Discrimination Act or the Americans with Disabilities Act, and Defendant denies the

allegations made by the EEOC and maintains that it did not engage in any unlawful actions based

on pregnancy or disability or any other protected category.

12.     Defendant and its officers, agents, employees, successors, and all other persons in active

concert or participation with any of them will not interfere with the relief herein ordered, but

shall cooperate in the implementation of this Decree.

### V.     MONETARY RELIEF

13.     **Judgment.** Judgment is hereby entered in favor of the Commission and against

Defendant in the amount of nine hundred fifty thousand dollars ($950,000.00).

14.     **Settlement Amount**. In accordance with this Decree, Defendant shall pay a total of nine

hundred fifty thousand dollars ($950,000.00) ("the settlement amount") to resolve the EEOC's

claims for back pay, compensatory, and punitive damages, on behalf of the Charging Parties and

the Aggrieved Individuals who are entitled to relief pursuant to this Decree, in amounts to be

determined by the EEOC.

15.     **Final Distribution List.** Prior to the EEOC providing notice to the Charging Parties and

Aggrieved Individuals, the EEOC will provide Defendant, via e-mail, a proposed Final

Distribution List in the form of an Excel spreadsheet containing the following information for

each Charging Party and Aggrieved Individual: (1) name, (2) social security number or tax

identification number, (3) mailing address, (4) total claim share amount, (5) claim share amount

allocated for back pay, and (6) claim share amount allocated for compensatory damages. Within

ten (10) business days of receipt of a proposed Final Distribution List, Defendant may provide

input regarding its view regarding the amount allocated to any individual. EEOC retains the final

discretion to determine the amount awarded to each Charging Party and Aggrieved Individual.

EEOC will provide a Final Distribution List to Allsup's within (10) business days of receipt of

Defendant's input, if any.  In EEOC's Final Distribution List, Attorneys' Fees of $22,500.00 and

New Mexico Gross Receipts Tax in the amount of $1,870.31 shall be designated for payment to

Isabel Medina and her attorney, Merit Bennett as part of Isabel Medina's distribution.

16.     **Final Distribution of Settlement Amount**. Within fifteen (15) business days after

receiving the EEOC's Final Distribution List and completed Form W-4s and W-9s for Charging

Parties and Aggrieved Individuals, Defendant will send payments in the amounts specified to

each Charging Party and Aggrieved Individual to the mailing addresses listed in the EEOC's

Final Distribution List.  If there is any delay in receipt of an applicable Form W-4 or Form W-9

for a Charging Party or Aggrieved Individual, then Defendant will send payment within fifteen (15) business days after receipt of the applicable form(s).

17.   **Administrative Costs**. Defendant shall pay all administrative costs for the process of distributing the settlement amount under this Decree, including, but not limited to: postage, supplies, clerical services, accounting services, and tax return preparation incurred by Defendant in performing its duties under this Decree. Defendant shall not be responsible for any costs except as required by Paragraphs 16-18 of this Decree.

18.   **Tax Forms**. Defendant will prepare and distribute tax reporting forms to each Charging Party and Aggrieved Individual who receives payment under this Decree in accordance with the Final Distribution List. Back pay allocations will be reported on IRS Form W2. All other payments will be reported on IRS Form 1099. Defendant is responsible for withholding payroll taxes on the back pay amounts, paying withheld funds to the IRS, and paying the employer's share of payroll taxes.  Aggrieved Individuals will be responsible for providing all W4, W9 or other tax forms required for the reporting of these payments.

19.   **Copies of Checks to EEOC**. Within ten (10) business days after payments are mailed to payees, Defendant shall submit to the EEOC a copy of the checks issued.

20.   **Impermissible Conditions**. Defendant will not condition the receipt of individual relief upon any Charging Party's or any Aggrieved Individual's agreement to: (a) maintain as confidential the terms of this Decree or the facts of the case, (b) waive her statutory right to file a charge with any federal or state anti-discrimination agency, or (c) promise not to reapply for a position at any Allsup's facility.

## VI.    OTHER INDIVIDUAL RELIEF

**21.**    Within twenty  (20) business days after entry of this Decree, Defendant will remove from

the personnel files of the Charging Parties and the Aggrieved Individuals any documents that

contain: (a) a reference to the allegations of discrimination filed against Defendant forming the

basis of this action; (b) a reference to the Charging Party's or Aggrieved Individual's

participation in this action; and (c) a document that refers, makes reference to, or relates to any

performance deficiencies of the Charging Party or Aggrieved Individual arising from the claims

of disability and/or sex or pregnancy discrimination alleged in this lawsuit.

**22.**    Defendant will provide a positive letter of reference in the form attached as Attachment A

for each Charging Party or Aggrieved Individual listed on Attachment B.  Former employees

McKenzie and Davis may receive letters of reference that contain solely the information on their

employment that Allsup's policy on references allows. The letters of reference shall accompany

the payment distribution made to each Charging Party or Aggrieved Individual pursuant to

Paragraph 16.

**23.**    Within twenty (20) business days after entry of this Decree, EEOC will provide

Defendant with a list of any Charging Party or Aggrieved Individual listed on Exhibit B who

wishes to be re-employed by Allsup's.

**24.**    Within twenty (20) business days of receipt of the EEOC's Re-Employment List

indicating individuals who desire re-employment at Allsup's, Defendant shall offer each

Charging Party and Aggrieved Individual on the EEOC's Re-Employment List a position as

either a Store Clerk, Assistant Manager, or Store Manager according to the last position held by

the Charging Party or Aggrieved Individual. Each individual seeking re-employment must meet

the applicable requirements for any position with or without reasonable accommodation. Defendant shall cooperate with each individual requesting re-employment to assure that they are offered employment in an available position in a Store or Area that is conveniently located.

## VII.  EQUITABLE RELIEF

### A.    *Injunctive Relief*

25.     Defendant, its officers, agents, successors, and other persons in active concert or participation with it, or any of them, are enjoined for the duration of the Decree from engaging in any employment practice which discriminates on the basis of pregnancy or disability related to pregnancy.

26.     Defendant shall not retaliate in any manner against individuals identified as Charging Parties, Aggrieved Individuals or witnesses in this action or who assisted in the investigation giving rise to this action.

27.     Defendant, its officers, agents, successors, and other persons in active concert or participation with them, or any of them, are enjoined for the duration of the Decree from any present or future violations of Title VII, as amended by the PDA, that include harassing or discriminating against pregnant employees, forcing pregnant employees to go on unpaid leave when they remain able to perform the essential functions of their jobs, discharging pregnant employees because of pregnancy, or failing to afford pregnant employees with employment benefits that non-pregnant employees are permitted to enjoy, including breaks, accommodations, leave, and modified work schedules.

28.     Defendant, its officers, agents, successors, and other persons in active concert or participation with them, or any of them, are enjoined for the duration of the Decree from any

present or future violations of the ADA that include (a) denying qualified pregnant individuals with disabilities medical leave as a reasonable accommodation and other reasonable accommodations when such accommodations are not an undue hardship, (b) discharging qualified pregnant individuals with disabilities as a result of unlawful denial of medical leave or denial of other reasonable accommodations, and (c) implementing or maintaining medical leave policies containing maximum duration of leave provisions that do not provide exceptions for reasonable accommodation to qualified pregnant individuals with disabilities.

**B.**     ***Anti-Discrimination Policy***

29.     Within sixty (60) days of entry of this Decree, Defendant shall adopt and/or maintain a policy proscribing discrimination based on pregnancy or disability related to pregnancy, ("Anti-Discrimination Policy"). The Anti-Discrimination Policy shall contain a description of the consequences, up to and including termination, that shall be imposed upon violators of the policy. The policy shall also contain an assurance of non-retaliation against persons who have asked for reasonable accommodations and individuals who report to Defendant that they believe they or other employees have been subjected to unlawful discrimination. Defendant shall post and keep posted for the duration of this Decree, in each of its facilities in a conspicuous place frequented by employees, a copy of the Anti-Discrimination Policy. Defendant will provide the policy to newly-hired employees within ten (10) days of their hire for the duration of this Decree. Within ninety (90) days of the Court's entry of this Decree, Defendant shall forward a copy of the Anti-Discrimination Policy to the Commission and a letter indicating that the Anti-Discrimination Policy has been posted and distributed.

## C.    *Policy Regarding Complaints of Discrimination*

30.    Within sixty (60) days of entry of this Decree, Defendant shall adopt and maintain a policy informing employees to report any conduct believed to be discriminatory based on pregnancy or disability related to pregnancy, and advising employees that such reports of alleged discriminatory conduct will be investigated. Defendant's policy on complaints of discrimination will identify a specific agent or hierarchy of agents who are to receive oral and written complaints. The method(s) by which employees shall report discrimination shall be set forth in the Anti-Discrimination Policy, to include explicit instructions for making such reports and specific contact information for all agents designated to receive and address complaints.

31.    For the duration of this Decree, Defendant shall promptly, reasonably, and appropriately investigate all complaints of discrimination related to pregnancy or disability related to pregnancy. The investigation must include the following: (a) documentation of the complaint; (b) a finding of whether a violation of the Defendant's policy occurred; (c) a credibility assessment as appropriate; (d) interviews of relevant witnesses, including the individual(s) alleged to have participated in or condoned the unlawful conduct; (e) a review of relevant documents which might shed light on the allegation; (f) contemporaneous notes of the investigation and conclusions; (g) and contemporaneous notes of all corrective and remedial measures where discrimination is found. Defendant shall take appropriate corrective action as appropriate.

32.    For the duration of this Decree, Defendant shall not retain documents related to the investigation in any of the complainants' personnel files. These documents, instead, must be retained in a separate secure location. All disciplinary actions taken against employees for

violation of Defendant's Anti-Discrimination Policy will be retained in the violator's personnel file.

**D.**   *Medical Leave Policy*

**33.**   Within sixty (60) days of entry of this Decree, Defendant shall ensure that (a) any and all policies related to medical leaves of absence will make exception to any maximum leave duration provisions by providing additional unpaid medical leave beyond the maximum allowed by its policies when necessary to provide reasonable accommodation to qualified individuals with disabilities related to pregnancy and (b) that any pregnant employee or pregnant employee with a disability who requires additional medical leave beyond Defendant's maximum duration should be considered for a reasonable accommodation in accordance with Defendant's policies. Within ninety (90) days of entry of the Decree, Defendant shall disseminate the leave policy in accordance with the dissemination procedures outlined in Paragraph 29.

**E.**   *Reasonable Accommodation Guidance*

**34.**   Within sixty (60) days of entry of this Decree, Defendant shall adopt and maintain a written policy that will address how reasonable accommodations will be provided, by request or otherwise, during the hiring process and in the course of employment. As to all supervisors or managers who in any way participate in the hiring process or who in any way have responsibilities for accepting or processing requests for reasonable accommodation, the policy must set forth the role of each supervisor or manager under the hiring process or under the process for considering reasonable accommodations for employees.  The policy must provide guidance on how to determine what is a reasonable accommodation and must provide for participation in the interactive process with the applicant/employee. That process must include,

at minimum, an interactive dialogue and good-faith communications with the applicant/employee to determine what modification or accommodation could be provided to the applicant/employee that would enable the applicant/employee to perform his or her essential job functions with or without an accommodation. In making this determination the Defendant must: (1) analyze the particular job involved and determine its purpose and essential functions, (2) consult with the individual with a disability to ascertain the precise job-related limitations imposed by the individual's disability and how those limitations could be overcome with a reasonable accommodation, (3) in consultation with the individual, identify potential accommodations and assess the effectiveness each would have in enabling the individual to perform the functions of the position, and (4) consider the preference of the individual to be accommodated and select and implement the accommodation that is most appropriate for both the individual and the employer in the employer's reasonable and good-faith judgment.

35.     The policy on reasonable accommodation shall also explain that an employee may request as an accommodation leave in excess of any leave provided under Defendant's leave policies, including but not limited to leave provided under the Family Medical Leave Act ("FMLA"). The policy must also include a provision that each request for leave must be individually evaluated on a case-by-case basis in accordance with the ADA, as amended, including engagement in an interactive process.

36.     All personnel forms utilized by Defendant as part of its reasonable accommodation process, including but not limited to all reasonable accommodation forms, medical clearance forms, and letters sent by Defendant to employees regarding leave requests shall state: "**It is Allsup's policy to engage in an interactive process with employees to determine if the**

employee can perform the essential functions of his or her position with or without reasonable accommodation, including whether or not additional leave is required. Reasonable accommodation may also include, for example, job restructuring, part-time or modified work schedules, medical leave, unpaid leave, leave beyond the period allotted by the employer, reassignment to a vacant position, the purchase or modification of equipment or devices, appropriate adjustment or modifications of examinations, the provision of qualified readers or interpreters, and other similar accommodations for individuals with disabilities.  **Employees wishing to request an accommodation should contact their store manager, area supervisor** or **Human Resources.**"

37.     The policy on reasonable accommodation must be distributed in accordance with the Anti-Discrimination Policy provisions in Paragraph 29. Within ninety (90) days of the Court's entry of this Decree, Defendant shall forward a copy of the Reasonable Accommodation Guidance to the Commission and a letter indicating that the policy has been distributed in accordance with Paragraph 29.

F.     *Assistance with ADA Policies.*

38.     Defendant will within ninety (90) days of the Court's entry of this Decree, either employ a qualified ADA coordinator or engage a consultant with expertise in the ADA, Equal Employment Opportunity compliance, and human resources and personnel matters. Such coordinator or consultant will remain employed or under contract for the period of the Decree.

39.     The following is a list of responsibilities assigned to the ADA Coordinator or Consultant upon hire or retention pursuant to Paragraph 38.

39.1     Assisting all of Defendant's human resource and supervisory employees with

their ADA responsibilities, including but not limited to engaging in the interactive process, providing reasonable accommodations to applicants or employees, and aiding human resource and supervisory employees to stay within full compliance with this Decree;

**39.2**    Recommending discipline of Defendant's employees for violating this Decree;

**39.3**    Oversight of Defendant's compliance with this Decree;

**39.4**    Aiding Defendant to discontinue policies and/or practices that are not ADA compliant;

**39.5**    Creating, revising, and/or implementing the policies and/or procedures provided for in Paragraphs 29, 30, and 33-36.

**39.6**    Creating, revising, and/or implementing the ADA provisions of the training in Paragraph 40 of this Decree;

**39.7**    Reviewing all cases that involve one of Defendant's pregnant employees seeking a reasonable accommodation. The review process will include making a determination as to whether any denials of a request were made in accordance with the ADA and Defendant's non-discriminatory policies and, where warranted by the circumstances, recommending corrective action to secure compliance with the ADA and Defendant's non-discriminatory policies. Such review shall include analysis of records and, where reasonably necessary after records are reviewed, discussion with the relevant employees and outside persons. The ADA Coordinator or Consultant shall submit the determination to the Defendant's Director of Human Resources for implementation.

**39.8**    Reviewing, revising and republishing Defendant's job descriptions;

**39.9**    Maintaining records to be preserved under this Decree; and

**39.10** Evaluating whether Defendant has taken appropriate and reasonable action to protect pregnant employees or pregnant employees with a disability from disability discrimination and/or retaliation.

### G. *Training*

**40.** For the duration of this Decree, pursuant to the terms of this Paragraph, Defendant shall provide EEO training for all its employees. Under this provision, employees will be trained at a minimum in the following areas: (a) Defendant's Anti-Discrimination policy; (b) the types of conduct which may constitute unlawful pregnancy or disability discrimination; (c) Defendant's policy and procedures for reporting alleged discrimination; (d) the penalties for engaging in discriminatory behavior; (e) Defendant's non-retaliation policy; and (f) Defendant's procedures for handling accommodation requests, including the interactive process. All training under this Paragraph shall be at Defendant's expense. Training may be by live presentation, online interactive training, and/or computer training, or any combination of the foregoing. The training will be conducted as follows:

**40.1** **Clerks and Assistant Managers.** Defendant will provide at least one training session per year for Clerks of at least one hour in length each year during the period of the Decree.   Assistant managers will be provided at least one training session per year of at least one hour in length each year during the period of the Decree.  Topics to be included in the clerk seminar include: the provisions of the ADA, the provisions of Title VII and the PDA, and the topics specified above in Paragraph 40. Attendance will be mandatory for every employee on the days of such training. Any individual who is responsible for conducting training under this Paragraph must first be trained under Paragraph 40.4 below.

**40.2      Store Managers, Area Supervisors and District Managers**. Defendant will require all managers-in-training, store managers, area supervisors and district managers who have hiring authority and/or responsibility for the interactive process during the reasonable accommodation processes, to receive at least six (6) hours of training in the first year of this Decree. The first such training session shall occur within 120 days of the signing of the Decree regarding the provisions of the ADA, Title VII, the PDA, and other federal anti-discrimination laws. Three (3) of the six (6) hours must directly address prohibitions on discrimination based on disability, sex, or pregnancy. Two (2) of the six (6) hours must be instruction in the proper methods for engaging in the interactive process when reasonable accommodation is sought and methods for receiving, communicating, investigating (where applicable), and ameliorating discrimination. In the managerial training sessions, Defendant shall emphasize with managerial and supervisorial employees that due to their position of power, managerial and supervisorial employees (a) must be particularly vigilant not to discriminate, whether consciously or because they rely on subconscious stereotypes; (b) must be sensitive of how their actions or words might be perceived by subordinate employees; and (c) must avoid the temptation to retaliate against an employee because a complaint is made or might be made against them. In the second and third years of this Decree, Defendant will require all managers-in-training, store managers, area supervisors and district managers who have hiring authority and/or responsibility for the interactive process during the reasonable accommodation processes, to receive at least three (3) hours of training each year regarding the topics listed in Paragraphs 40 and 40.2 of this Decree. Additionally, Defendant will require employees who are newly hired or recently promoted

into a managerial or supervisory position to complete the requisite two (2) hours of interactive-process training and complaint-handling training within sixty (60) days of being hired or promoted. The training under this Paragraph 40.2 must be provided by outside vendors or by live presentations by individuals who have been trained under Paragraph 40.4.

**40.3      Human Resource Employees.** Defendant will require all individuals who work in a human resource capacity that involves making determinations with respect to hiring, firing, leaves or other accommodations to receive at least twelve (12) hours of training annually during the period of the Decree regarding the ADA, Title VII, the PDA, and other federal anti-discrimination laws. Four (4) of the twelve (12) hours must directly address discrimination based on disability, sex, and pregnancy; at least three (3) hours of the twelve (12) hours must be instruction in the proper methods of receiving, communicating, investigating (where applicable), and ameliorating discrimination, including the proper procedures for documenting and preserving evidence of discrimination, archiving the corporation's investigation of complaints, as well as detailing the consequences and result of the investigation where discrimination is found; and at least four (4) hours of the twelve (12) hours must be instruction on the employer's responsibilities for the interactive process when an employee requests reasonable accommodation and on the Defendant's policy to make individual assessments as to whether leave or leave in excess of Defendant's leave policies could be provided as a reasonable accommodation. Additionally, Defendant will require employees who are newly hired or promoted into a human resource position or to a District Manager position to complete at least four (4) hours of general EEO training, training on the Defendant's complaint process, and training on Defendant's reasonable

accommodation policy within sixty (60) days of being hired or promoted into a human

resource position or district manager position. The training under this Paragraph 40.3 must

be provided by outside vendors or by persons who have been trained under Paragraph 40.4.

**40.4**        **Train the Trainers.**  Any manager or human-resources employee with

responsibility for training other employees under Paragraphs 40.1-40.3 above, will be

provided three (3) additional hours of training on the materials to be presented and the

proper techniques for teaching the materials. The training under this Paragraph must be

provided by outside vendors.

**40.5**        **Training on Investigative Techniques.** All employees with responsibility for

responding to or investigating complaints of discrimination, shall be provided six (6)

additional hours of training during the Decree instructing on accepted professional standards

for receiving and investigating complaints of discrimination, including such matters as

witness interview techniques, other evidence-gathering techniques, maintaining investigative

notes and records, and methods for eliminating and ameliorating violations of anti-

discrimination law. The training under this Paragraph must be provided by outside vendors.

**41.**     Defendant agrees that the first such training session for each employee group identified in

Paragraph 40 above, will take place within one-hundred-twenty (120) days after the Court's

entry of this Decree and shall proceed until all are trained as set forth in Paragraph 40.

Defendant agrees that all of its personnel shall both register and attend the training sessions.

**42.**     The Commission, at its discretion and with fourteen (14) days' notice to Allsup's, may

designate a Commission representative to attend any of the training sessions described above,

and the Commission representative shall have the right to attend, observe, and fully participate in

all of the sessions. Defendant shall provide the Commission with thirty (30) days' notice that a training session will be conducted, or alternatively, Defendant may provide a comprehensive schedule of trainings planned for the year or for a number of months if such is more convenient.

### H.    *Notice Posting*

**43.**    Within ten (10) business days after the Court's entry of this Decree, Defendant shall post in each of its stores in New Mexico and Texas, in a conspicuous place frequented by employees, the Notice attached as Attachment C to this Decree.  The Notice shall be the same type, style, and size as set forth in Attachment C. The Notice shall remain posted for the duration of this Decree. If the Notice becomes defaced or illegible, Defendant will replace it with a clean copy. Defendant shall certify to the Commission, in writing, within twenty (20) business days of entry of this Decree that the Notice has been properly posted and shall provide recertification in each of the semi-annual and annual reports required under the Reporting provisions of this Decree.

### I.    *EEO & ADA Compliance as a Component of Management Evaluation*

**44.**    Within sixty (60) days of entry of the Decree, Defendant shall institute a procedure which evaluates Defendant's personnel who are involved in making decisions regarding identification and provision of reasonable accommodation regarding their compliance with the ADA and Defendant's related non-discriminatory policies.  Understanding and compliance with the ADA and Defendant's related non-discriminatory policies shall be a component of any evaluation of Allsup's management personnel, including any consideration for promotion or incentive programs. Defendant agrees that failure of any such employee to comply with the ADA and to implement or enforce Defendant's related non-discriminatory policies shall result in remedial training and, if reasonably warranted under the circumstances, appropriate disciplinary action

against the employee, up to and including discharge.

### VIII.  Record Keeping and Reporting Provisions

**45.**     For the duration of this Decree, Defendant shall maintain all records concerning implementation of this Decree, including, but not limited to, all of the following:

**45.1.**     Requests for accommodation of pregnant employees and records documenting the interactive process and efforts to provide any such accommodation, including records reflecting what accommodations were considered and/or provided;

**45.2.**     Personnel files;

**45.3.**     Payroll records;

**45.4.**     Policy revisions; and

**45.5.**     Complaints of discrimination based on pregnancy, or disability related to pregnancy and records documenting investigation of such complaints, including witness statements, documents compiled, conclusions and findings, and any corrective and remedial actions taken.

**46.**     Defendant shall provide semi-annual reports for each six-month period following the entry of this Decree for the first two years of this Decree.  Defendant shall provide one annual report in the third year of this Decree. The reports shall be due ten (10) days after the respective six-month period, except the last year of the Decree. Defendant shall provide a final report which shall be submitted to the Commission at least sixty (60) days prior to the expiration of the Decree.

**47.**     **Reporting Requirements:**  Each report shall provide the following information:

**47.1.**     **Reports of Discrimination**

**47.1.1.**        For purposes of this Paragraph, the term "report of discrimination" will include any written or verbal complaint made to a manager or of which a manager is aware which alleges discrimination based on pregnancy, or disability related to pregnancy.   The report will include:

    **a.**        The name, address, email address, and telephone number of each person making a complaint of discrimination based on pregnancy or disability related to pregnancy to Defendant or to any federal, state, or local government agency;

    **b.**        The name, address, email address, and telephone number of each person identified as a potential witness to the incident of discrimination;

    **c.**        A brief summary of each complaint, including the date of the complaint, the name of the individual(s) who allegedly engaged in the discriminatory conduct, the Defendant's investigation and response to the complaint, the name of the person who investigated or responded to the complaint, and what, if any resolution was reached; and

    **d.**        Copies of all documents memorializing or referring to the complaint, investigation, and/or resolution thereof will be made available to the EEOC upon request after receipt of the report.

**47.2.**        **Reasonable Accommodation Procedures and Results**

**47.2.1.**        The name, address, email address, and telephone number of each person making a request for accommodation because of a disability related to pregnancy to Defendant.

**47.2.2.**        A brief summary of each request for accommodation, including the

following: the date of the request or date of first consideration for accommodation on Defendant's own initiative; the person or persons to whom the request was made; the person or persons responsible for responding to the request; any effort to engage in the interactive process with the person requesting accommodation; what accommodation was requested; whether the requested accommodation was granted, and if not, an explanation of the reasons for denying the request; the employment status of the person making the request if the request was denied; whether any other accommodation was provided, and if so, what accommodation was provided, and an explanation of the reasons for providing that accommodation.

**47.2.3.**     Copies of all documents memorializing or referring to the request for accommodation, investigation, and/or resolution thereof, including without limitation, any written report or documentation of the request, records compiled as part of the interactive process, including medical documents, and records documenting any investigation undertaken and/or accommodation provided will be made available to the EEOC upon request.

**47.3.     Training**

**47.3.1.**     For each training program required under Paragraph 40, and conducted during the reporting period, Defendant shall maintain a registry of attendance and submit it to the EEOC upon request.

**47.3.2.**     For each training program conducted by Defendant's staff, Defendant will provide the following information: (a) a detailed agenda; (b) copies of presentation materials used, and (c) the name of each trainer and a summary of his or her

qualifications.

**47.3.3.**      For each training program conducted by an outside consultant or vendor not affiliated with Defendant, Defendant will identify the consultant and/or vendor and provide a copy of the program agenda.

**47.4.**      **Posting of Notice**.  Defendant shall recertify to the Commission that the Notice required to be posted under Section VII. H of this Decree has remained posted during the reporting period, or, if removed, was promptly replaced.

**47.5**      **Policy Review:**  Defendant shall report on the status of the anti-discrimination policy, complaint policy, and reasonable accommodation policy review and implementation process required under Paragraphs 29,30, and 33-36, above

**47.6**      **Individual Relief:** Defendant shall report in its first report on its compliance with Paragraphs 21-24 of this Decree.

## IX.  RETENTION OF JURISDICTION AND ENFORCEMENT OF DECREE

**48.**      This Court shall retain jurisdiction of this cause for purposes of compliance with this Decree and entry of such further orders or modifications as may be necessary or appropriate to effectuate equal employment opportunities for employees.

**49.**      There is no private right of action to enforce Defendant's obligations under the Decree and only the Commission, or its successors or assigns, may enforce compliance.

**50.**      The Commission may petition this Court for compliance with this Decree at any time during which this Court maintains jurisdiction over this action. However, prior to petitioning the Court, the Commission must give Defendant notice of the Commission's allegations, followed by a thirty (30) day period to either cure the alleged deficiency or to negotiate a resolution,

unless a longer period is agreed upon by the Parties. Should the Court determine that Defendant has not complied with this Decree, appropriate relief, including extension of this Decree for such period as may be necessary to remedy its non-compliance, may be ordered.

**51.**     Absent extension, this Decree shall expire by its own terms at the end of the 36th month from the date of entry without further action by the Parties.

## X.  EEOC AUTHORITY

**52.**     With respect to matters or charges outside the scope of this Decree, this Decree shall in no way limit the powers of the Commission to seek to eliminate employment practices or acts made unlawful by any of the statutes over which the Commission has enforcement authority and do not arise out of the claims asserted in this lawsuit.

## XI.  COSTS AND ATTORNEY'S FEES

**53.**     Each Party shall be responsible for and shall pay its own costs and attorney's fees.

## XII.  NOTICE

**54.**     Unless otherwise indicated, any notice, report, or communication required under the provisions of this Decree shall be sent by certified mail, postage prepaid, as follows

> Lauren Jaeckel
> EEOC Denver Field Office
> 303 E. 17th Avenue, Suite 410
> Denver, CO 80203
>
> Lara C. de Leon
> Ogletree, Deakins, Nash, Smoak & Stewart, P.C.
> 112 East Pecan Street, Suite 2700
> San Antonio, TX 78205

## XIII.  SIGNATURES

**55.**     The parties agree to the entry of this Decree subject to final approval by the Court.

SO ORDERED this 13th day of September, 2017.

BY THE COURT:

_____

UNITED STATES DISTRICT JUDGE

BY CONSENT:

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION

By: _____
       Mary Jo O'Neill
       Regional Attorney

Date: _____

APPROVED AS TO FORM:

_____

Loretta Medina
Supervisory Trial Attorney
EEOC Albuquerque Area Office
505 Marquette Ave. NW, Suite 900
Albuquerque, NM 87102
Telephone: (505) 248-5230
E-Mail: loretta.medina@eeoc.gov

_____

Gina Carrillo
Trial Attorney
EEOC Los Angeles District Office
255 E. Temple St., 4th floor
Los Angeles, CA 90012
Telephone: (213) 894-10913
E-Mail: gina.carrillo@eeoc.gov

_____

Lauren Jaeckel
Trial Attorney
EEOC Denver Field Office
303 E. 17th Avenue, Suite 410
Denver, CO  80203

By: _____
       Brian Ashburn
       Allsup's Convenience Stores, Inc.
       Director of Operations

Date: _____

Attorneys for Plaintiff EEOC

_____

Michael Fox
Ogletree, Deakins, Nash, Smoak & Stewart,
P.C.
301 Congress Ave., Suite 1150
Austin, TX 78701

Lara C. de Leon
Ogletree, Deakins, Nash, Smoak & Stewart,
P.C.
112 East Pecan Street, Suite 2700
San Antonio, TX 78205

Attorneys for Defendant

BY THE COURT:

_____
United States District Judge

BY CONSENT:

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION

By: _____
Mary Jo O'Neill
Regional Attorney

Date: 9/8/17

APPROVED AS TO FORM:

_____
Loretta Medina
Supervisory Trial Attorney
EEOC Albuquerque Area Office
505 Marquette Ave. NW, Suite 900
Albuquerque, NM 87102
Telephone: (505) 248-5230
E-Mail: loretta.medina@eeoc.gov

_____
Gina Carrillo
Trial Attorney
EEOC Los Angeles District Office
255 E. Temple St., 4th floor
Los Angeles, CA 90012
Telephone: (213) 894-10913
E-Mail: gina.carrillo@eeoc.gov

_____
Lauren Jaeckel
Trial Attorney
EEOC Denver Field Office
303 E. 17th Avenue, Suite 410
Denver, CO  80203

By: _____
Brian Ashburn
Allsup's Convenience Stores, Inc.
Director of Operations

Date: 9-11-17

Attorneys for Plaintiff EEOC

_____
Michael Fox
Ogletree, Deakins, Nash, Smoak & Stewart,
P.C.
301 Congress Ave., Suite 1150
Austin, TX 78701

Lara C. de Leon
Ogletree, Deakins, Nash, Smoak & Stewart,
P.C.
112 East Pecan Street, Suite 2700
San Antonio, TX 78205

Attorneys for Defendant

**ATTACHMENT A (Letter of Reference)**

[On Company Letterhead]

Re:            Letter of Reference

To Whom It May Concern:

[Charging Party or Aggrieved Individual] was an employee of Allsup's Convenience Stores from [date] to [date].  [Charging Party or Aggrieved Individual] held the position of [Store Clerk, Assistant Manager, or Store Manager, as appropriate] during this time period and performed her duties in a satisfactory manner. Ms. [Charging Party's or Aggrieved Individual's Last Name] is considered eligible for rehire with our company.

Sincerely,

[Allsup's Human Resources Representative]

**Attachment B (List of Claimants)**

Marissa Alexander

Miranda Beasley

Courtney Bow

Melody Butts

Yolanda Chavez

Judith Davis

Heavenly Elliott

Olivia Escobedo

Melissa Gilbert

Crystal Harkness

Cathy Lee Hessbrook

Cecellia Hull (Gonzalez)

Melody Jackson

Berenice Juarez

Kiaya McKenzie

Isabel Medina

Valerie Mills

Jennifer Montoya

Candace Munns

Daniella Pacheco

Joy Pointer

Gina Reyes

Melissa Sais

Michelle Shober

Shawnta Smith

Karri Ann Tichi Chavoya

Amanda Vega

Shelby Whitfield

**ATTACHMENT C**

**<u>NOTICE</u>**

The following notice is being posted pursuant to the terms of a Consent Decree reached between the Parties in <u>EEOC v. Allsup's Convenience Stores, Inc.</u>, filed in the United States District Court for the District of New Mexico, Civil Action No. 1:15-cv-00863-KG-GJF.

Management of Allsup's wishes to emphasize the company's fundamental policy of providing equal employment opportunity in all of its operation and in all areas of employment practices. Allsup's seeks to ensure that there shall be no discrimination against any employee or applicant for employment on the grounds of disability, sex, pregnancy, race, color, religion, national origin, or age. This policy extends to insurance benefits and all other terms, conditions, and privileges of employment.

Pursuant to the American's with Disabilities Act of 1990 ("ADA"), it is unlawful for an employer to discriminate based upon the disability, record of disability, or perception of disability of an applicant or employee. It is also unlawful under Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended by the Pregnancy Discrimination Act of 1978 ("PDA"), for an employer to discriminate against an applicant or employee based on sex and/or pregnancy. Furthermore, it is unlawful for any employer to retaliate against an employee because he or she has requested reasonable accommodation for a disability, opposed discriminatory employment practices, or because he or she has filed a charge of discrimination with any municipal, state or federal equal employment opportunity agency, or because he or she has participated in an investigation of a charge of discrimination.

Allsup's respects the right of its employees and applicants for employment to work in an environment free from discrimination. Accordingly, Allsup's reaffirms its commitment to complying with the strictures of the ADA, Title VII, and the PDA, in that it is our policy to prohibit all discrimination based on disability, sex, and/or pregnancy.

Any employee who believes that he/she has suffered discrimination on the basis of disability, sex, pregnancy, age, race, color, religion, or national origin, has the right to contact the EEOC directly at 1-800-669-4000. In compliance with federal law, no official at Allsup's will retaliate against an employee who makes an internal complaint of discrimination or who contacts the EEOC or its state counterpart.

This Notice shall remain posted for the term of three (3) years from entry of the Decree.

Allsup's Convenience Stores, Inc.

By:_____        _____
                                                                      Date